UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICKY T., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C24-5869-KKE <br><br> ORDER AFFIRMING THE COMMISSIONER'S DECISION |

## I. INTRODUCTION

Plaintiff seeks review of the denial of his application for Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred in failing to find his fatigue to be a severe impairment and in accounting for his reports of daytime somnolence. Dkt. No. 9 at 1. As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II. BACKGROUND

Plaintiff was born in 1971, has a fourth-grade education, and has worked as a warehouse worker, material handler, farm worker, construction worker, and production assembler. Dkt. No. 7 (hereinafter Administrative Record ("AR")) at 40, 49. Plaintiff was last gainfully employed in 2018. *Id.* at 204.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 1

On July 4, 2021, Plaintiff protectively applied for benefits, and subsequently amended his alleged onset date to November 18, 2020. AR at 38–39, 184–92. Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 82–86, 89–96. After the ALJ conducted a hearing on April 17, 2024 (*id.* at 35–53), the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 17–29.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1–6. Plaintiff appealed the final decision of the Commissioner to this Court. Dkt. Nos. 1, 3.

### III.   THE COMMISSIONER'S FINAL DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:** Plaintiff did not engage in substantial gainful activity between his amended alleged onset date and his date last insured ("DLI") of December 31, 2023.

**Step two:** Through the DLI, Plaintiff had the following severe impairments: major depressive disorder, generalized anxiety disorder, and post-traumatic stress disorder.

**Step three:** These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity ("RFC"):** Through the DLI, Plaintiff could perform a full range of work at all exertional levels, with the following nonexertional limitations: he could understand, remember, and carry out simple instructions. He could deal with occasional changes in a work setting. He could use judgment to make simple work-related decisions. He could not perform work requiring a specific production rate (such as assembly-line work). He could tolerate frequent contact with supervisors, and occasional contact with co-workers and the general public.

**Step four:** Through the DLI, Plaintiff could perform his past relevant work as a warehouse worker and material handler, as actually and generally performed, and was therefore not disabled through his DLI.

AR at 17–29.

---

[1] 20 C.F.R. § 404.1520.

[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 2

## IV. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (quoting *Carmickle v. Commissioner of Soc. Sec. Admin.*, 533 F.3d 1155, 1162–63 (9th Cir. 2008)), *superseded on other grounds by regulation*, *Hudnall v. Dudek*, __ F.4th __, 2025 WL 729701 (9th Cir. March 7, 2025). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id.*

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## V. DISCUSSION

**A.  The ALJ Did Not Err at Step Two.**

A heading in Plaintiff's opening brief argues that the ALJ erred in finding at step two that his fatigue was not a severe impairment, although this argument is not developed in the body of

the brief and not mentioned in the reply brief. *See* Dkt. No. 9 at 2, Dkt. No. 12. Nonetheless, the Court finds no harmful step-two error, for the following reasons.

At step two, a claimant must make a threshold showing that her medically determinable impairments significantly limit her ability to perform basic work activities. *See Bowen v. Yuckert*, 482 U.S. 137, 145 (1987); 20 C.F.R. § 404.1520(c). "Basic work activities" refers to "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1522(b). "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual[']s ability to work.'" *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (quoting Social Security Ruling 85-28). "[T]he step-two inquiry is a de minimis screening device to dispose of groundless claims." *Id*. (citing *Bowen*, 482 U.S. at 153–54). An ALJ is also required to consider the "combined effect" of an individual's impairments in considering severity. *Id*. A diagnosis alone is not sufficient to establish a severe impairment. Instead, a claimant must show his medically determinable impairments are severe. 20 C.F.R. § 404.1521.

In her decision, the ALJ noted that Plaintiff alleged that he was disabled due solely to mental impairments, and that although the medical record contained references to physical impairments, there was "no objective clinical evidence that these non-severe impairments are of such severity as to cause more than minimal vocational limitations." AR at 20. The ALJ also discussed Plaintiff's complaints of fatigue, "which he attributes to depression." *Id*. The ALJ found Plaintiff's major depressive disorder to be a severe impairment. *Id*. Plaintiff has not identified any evidence suggesting that fatigue was a separate and discrete medically determinable impairment, rather than a symptom related to one of his impairments, nor has Plaintiff addressed any of the ALJ's findings related to his fatigue symptoms in the step-two discussion. *See* AR at

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 4

20. Accordingly, because Plaintiff has not identified an error in the ALJ's step-two findings related to his fatigue, and because the ALJ found for Plaintiff at step two and proceeded with the remainder of the five-step evaluation, the Court finds no harmful error at step two. *See, e.g.*, *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) (explaining that where an ALJ finds for a claimant at step two, any error at that step "could not possibly have" prejudiced claimant).

**B.     The ALJ Did Not Err in Assessing Plaintiff's Reports of Fatigue.**

In her discussion of Plaintiff's reports and the medical record, the ALJ noted that Plaintiff consistently reported low mood, fatigue, and anhedonia. AR at 26. The ALJ went on to observe that

> despite multiple recommendations from [Plaintiff's treating provider, Carla Delcambre, ARNP, Plaintiff] has not engage[d] in substantial follow-up with [his primary care provider] regarding obtaining a new CPAP or BiPAP for his long-term history of untrea[t]ed obstructive sleep apnea, as she expressly opined that improving his sleep via this non-pharmacologic modality could greatly improve his mood and energy level. Further, Ms. Delcambre's [notes] contain no recorded affirmations from [Plaintiff] that he was implementing her other recommendations, such as regular exercise, following a routine, and healthy diet.

*Id*. at 27. Plaintiff characterizes the ALJ's decision as finding that his fatigue improved with treatment, and argues that such reasoning reflects cherry-picking from the record. Dkt. No. 9 at 2. Plaintiff goes on to list treatment notes where he consistently reported fatigue throughout the medical record. *Id*. at 2–4. According to Plaintiff, the ALJ erred in failing to fully account for his fatigue symptoms when assessing his RFC. *Id*. at 4.

Plaintiff's characterization of the ALJ's decision does not acknowledge the section quoted above, where the ALJ explained that the record showed that Plaintiff failed to follow through on multiple treatment recommendations intended to improve his fatigue. An "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment" is a legally adequate reason to discount a claimant's subjective report of symptoms. *See, e.g.*,

*Molina*, 674 F.3d at 1112 (quoting *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008)). Because the ALJ provided adequate reasons to discount Plaintiff's fatigue complaints, which Plaintiff does not directly dispute, Plaintiff's challenge to the RFC assessment fails. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) (explaining that an ALJ need not account for properly discounted limitations in an RFC assessment).

## VI. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is AFFIRMED and this case is DISMISSED with prejudice.

Dated this 21st day of March, 2025.

Kymberly K. Evanson
United States District Judge